# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00241-KDB

| | |
|---|---|
| SHERRY R. MARTIN,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Sherry R. Martin's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 15). Ms. Martin, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On May 5, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits under title II of the Social Security Act, alleging that she had been disabled since April 1, 2015. (*See* Tr. 18). Plaintiff's application was denied initially and upon reconsideration. (*See id*.). After conducting a hearing on July 17, 2019, Administrative Law Judge Gregory Wilson (the "ALJ") denied her application in a decision dated October 17, 2019. (Tr. 18-29). On June 30, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Martin has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Martin was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Martin had not engaged in substantial gainful activity ("SGA") since February 1, 2018, the amended alleged onset date; and at step two that she had several medically determinable and severe impairments: lumbar degenerative disc disease (DDD), osteoarthritis, heel spurring, and other musculoskeletal conditions of the right foot and ankle, obesity, major depressive disorder (MDD), anxiety disorder, and post-traumatic stress

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

disorder (PTSD). (Tr. 20). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 21).

The ALJ then determined that Ms. Martin had the residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift 50 pounds occasionally and 25 pounds frequently, to stand 6 of 8 hours, to walk 6 of 8 hours, and to sit 6 of 8 hours, with the following additional limitations. She can occasionally climb ladders, ropes, and scaffolds. She can frequently stoop and crouch. She must avoid concentrated exposure to hazards, i.e. unprotected heights and dangerous moving machinery. She can have occasional contact with the public and occasional contact with co-workers.

(Tr. 23).

At step four, the ALJ found that the Plaintiff was unable to perform any of her past relevant work. (*See* Tr. 27). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given her age (56), education (at least a high school education), work experience, and RFC — could perform. (*See* Tr. 28). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from February 1, 2018 through the date of his decision. (*See* Tr. 29).

## III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision

of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff contends that Plaintiff's physical and mental RFC assessment is unsupported by substantial evidence because the Administrative Law Judge erred in his consideration of Plaintiff's

4

treating physician's medical opinions.³ The ultimate question before the ALJ was whether Plaintiff became disabled at any time. The Court has conducted a careful but limited review of the ALJ's decision consistent with our role as a reviewing court as described above and finds that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. More specifically, the Court finds there is substantial evidence to support the ALJ's conclusions with respect to the credibility of the relevant medical opinions, particularly as the severe physical and mental limitations suggested by Plaintiff's treating physician in 2016 might reasonably be found to be inconsistent with Plaintiff's acknowledgement that she was not disabled at that time (and continued to work)⁴ as reflected in her amendment of the date of the alleged onset of her disability from 2015 to 2018. *See* Tr. 27, 435. Therefore, the ALJ's decision will be affirmed.

---

³ Plaintiff also suggests that the Court should be skeptical of the ALJ's decision that Plaintiff can perform "medium" work with limitations because a finding that Plaintiff could only do "light" or "sedentary" work would lead to a finding of disability in light of her age and other characteristics. Although the Court sometimes shares that concern in other matters, it does not in this case. The RFC is an administrative decision that is reserved for the Commissioner, 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), and a Plaintiff's RFC is intended to reflect the most, not the least that a claimant can do in the context of full time work. Social Security Ruling ("SSR") 96-8p. So, despite the ALJ's determination that there are "medium work" jobs that Plaintiff could perform, she is not bound to do so and can instead find "light" or even "sedentary" work if she chooses to do so.

⁴ Plaintiff asks the Court to find that the ALJ mischaracterized the number of hours that Plaintiff was working during this time. Whatever misunderstanding or failure to accurately articulate (if any) the ALJ may have had regarding Plaintiff's specific work hours in 2016, any error is plainly harmless as Plaintiff does not appear to dispute that she was generally working during this time and does not claim to have been disabled until 2018.

5

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: September 2, 2021

Kenneth D. Bell
United States District Judge

6

Case 1:20-cv-00241-KDB   Document 18   Filed 09/03/21   Page 6 of 6